IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARY MAYFIELD, JR., # R-48348,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-cv-1291-GPM |
| ) | |
| **WEXFORD HEALTH SOURCES,** ) | |
| **DR. LOUIS SHICKER,** ) | |
| **SHAWNEE WARDEN, C/O READER,** ) | |
| **and P. HAMPTON,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Centralia Correctional Center ("Centralia"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on incidents that occurred while he was confined at Shawnee Correctional Center ("Shawnee"). Plaintiff is nearing the end of a 30 month sentence for violating an order of protection. Plaintiff claims that certain Defendants failed to protect him from an assault by a fellow inmate, and that others were deliberately indifferent to his serious medical needs for treatment of his injuries.

More specifically, Plaintiff claims that he made several requests to Defendant Reader to move him away from his cellmate (Doc. 1, p. 7-8; Doc. 1-2, pp. 1-2). Plaintiff believed he was in imminent danger from the cellmate, who was a known gang member. Plaintiff was not moved, and on January 4, 2011, the cellmate attacked him, beating him in the face, jaw, and rib area. Plaintiff was promptly taken to see the nurse, who gave him Motrin and an ice pack; he was then placed in segregation for a day before being returned to general population (Doc. 1, p. 8). At this time, Plaintiff was in extreme pain and could not chew or swallow. He was not

examined by a doctor until "several days later," and was then admitted to the Health Care Unit for 2-3 weeks. *Id.* He complains that he should have received more rapid emergency care and should not have been returned to general population. Further, the inadequate medical treatment violated the Illinois Medical Practice Act of 1987 (Doc. 1, p. 10).

Plaintiff states that an outside orthopedic specialist eventually identified fractures of his left mandible and ribs (Doc. 1, p. 9). Plaintiff's exhibits show that fractures were found of his facial bones in a January 28, 2011 report (Doc. 1-1, p. 28).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the Complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Reader for failure to protect Plaintiff from the assault by his cellmate (Count 1). However, Plaintiff's allegations that Defendants Wexford Health Sources, Shicker, and Hampton were deliberately indifferent to his medical needs (Count 2) fail to state a claim upon which relief may be granted. This claim shall be dismissed, as will Defendants Wexford Health Sources, Shicker, Hampton, and the Shawnee Warden.

"A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

Plaintiff's condition following the assault by his cellmate clearly presented an objectively

serious medical condition.  However, Plaintiff's pleadings and exhibits demonstrate that he received medical care for the injuries to his face, jaw, and ribs, and do not indicate deliberate indifference on the part of any Defendant.  He was given pain medication and ice immediately after the attack, and was segregated from other inmates.  Two days after the incident, Plaintiff was examined by an outside doctor who determined that his jaw was not broken (Doc. 1-1, p. 5).  He was then admitted to the prison Health Care Unit ("HCU") on January 6, 2011, and received care there until January 18, 2011 (Doc. 1-1, pp. 3-4; 26).  It thus appears that he spent only one day in general population before the admission to the HCU.  Plaintiff's medical records indicate that the health care professionals were aware of his injuries and the possibility that he had suffered a facial fracture, and took steps to determine whether he had any broken bones (Doc. 1-1, pp. 1, 3-16).  Plaintiff was given a series of x-rays, which initially indicated no fracture (Doc. 1-1, pp. 24-25).  However, a later evaluation showed evidence of a fracture (Doc. 1-1, p. 28).

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference.  *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001).  Even if Defendant's prescribed course of treatment, or the initial diagnosis that he had no fracture, had constituted malpractice, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In evaluating the evidence, we must remain sensitive to the line between malpractice and treatment that is so far out of bounds that it was blatantly inappropriate or not even based on medical judgment . . . this is a high standard."  *King v. Kramer,* 680 F.3d 1013, 1019 (7th Cir.

2012) (internal citations and quotations omitted). Plaintiff's claim does not meet this high standard. He received extensive treatment, thus his deliberate indifference claim fails to pass § 1915A review.

As to the failure to protect claim against Defendant Shawnee Warden (see Count 1), the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Defendant Shawnee Warden was informed of Plaintiff's requests to be moved, or that he was involved in the decision to leave Plaintiff in the cell with the inmate who later attacked him. Absent any indication that the Warden, or any other Defendant, was "personally responsible for the deprivation of a constitutional right," no liability will attach. *Id*. Accordingly, the Shawnee Warden shall be dismissed from this action without prejudice.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

The motion for service of process at the government's expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.** Defendant Reader shall be served as ordered below. However, the dismissed Defendants shall not be served with process.

**Disposition**

**COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **WEXFORD HEALTH SOURCES, SHICKER,** and **HAMPTON** are **DISMISSED** from this action **with prejudice**. Defendant **SHAWNEE WARDEN** is **DISMISSED** from this action **without prejudice**.

The Clerk of Court shall prepare for Defendant **READER**: (1) Form 5 (Notice of a

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include, with the original paper to be filed, a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge**

**Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: February 6, 2013

                                                   s/_____
                                                   G. PATRICK MURPHY
                                                   United States District Judge