IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY MAYFIELD, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL REEDER, )<br>)<br>Defendant. ) | Case No. 3:12-cv-1291-DGW |

MEMORANDUM AND OPINION

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Summary Judgment filed by Defendant, Michael Reeder, on June 30, 2014 (Doc. 47). For the reasons set forth below, the Motion is **DENIED**.

INTRODUCTION

Plaintiff, Gary Mayfield, Jr., a former inmate at Shawnee Correctional Center ("Shawnee"), brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. After an initial screening, Plaintiff was allowed to proceed on one count against Defendant Michael Reeder for allegedly failing to protect Plaintiff from an assault by his cellmate. Defendant Reeder filed his Motion for Summary Judgment on June 30, 2014, asserting he is entitled to judgment as a matter of law as there are no material facts in dispute and he is entitled to qualified immunity (Doc. 47). Plaintiff filed his response on August 4, 2014 (Doc. 52), arguing that Defendant has failed to establish that he is entitled to judgment as a matter of law.

FACTUAL BACKGROUND

This action arises from an incident that occurred on January 4, 2011, in which Plaintiff was

involved in a physical altercation with his cellmate, Chester Lewis, while incarcerated at Shawnee (Doc. 48-2, Def.'s Ex. B, Deposition of Gary Mayfield, p. 11). According to Plaintiff, prior to the altercation, in approximately December, 2010, his cellmate repeatedly threatened him with physical violence (*Id.*, p. 13). After receiving these threats, Plaintiff asserts that on two or three occasions he wrote letters to Defendant Reeder, who was the head of internal affairs (*Id.*, pp. 13-14). Plaintiff had met with Defendant Reeder at the time of his initial transfer to Shawnee (*Id.*, p. 16). At this initial meeting, Defendant Reeder introduced himself to Plaintiff and instructed Plaintiff to send him a "kite," or letter, if he had problems with any officers or inmates (*Id.*, pp. 16-17). Plaintiff asserts that he sent letters about the threats addressed to Defendant Reeder via the prison mail system (*Id.*, p. 15). Specifically, Plaintiff addressed the letters to "C/O Reeder – Internal Affairs" and placed the letters in the drop box marked "Mail" (*Id.*, pp. 14-15). Plaintiff does not specifically remember the precise content of the letters, but asserts that they informed Defendant Reeder that he was being threatened by his cellmate and needed to be moved, as he feared for his life (*Id.*, p. 25). Plaintiff never received a response to his letters (*Id.*, p. 16). Plaintiff never spoke with Defendant Reeder about the threats he was receiving prior to the altercation (*Id.*, p. 16).

Soon after the altercation, Plaintiff asserts that he briefly met with Defendant Reeder in the internal affairs office (*Id.*, p. 29). At this time, Plaintiff immediately asked Defendant Reeder "What happened? Didn't you get my letters? I told you this was going to happen" (*Id.*). In response, Plaintiff asserts that Defendant Reeder looked at him and nodded (*Id.*). Plaintiff was then escorted out of the office by another correctional officer (*Id.*).

As a result of the altercation, Plaintiff suffered severe injuries, including a crushed sinus cavity and significant nerve damage (*Id.*, pp. 31-32). Plaintiff never incurred any disciplinary

action as a result of the altercation, as an investigation apparently concluded that he was not the instigator (*Id.*, pp. 23-24).

Defendant Reeder asserts that he never received any of the letters Plaintiff allegedly sent (Doc. 48-1, Def.'s Ex. A, Affidavit of Michael Reeder, p. 2). Defendant indicates that he keeps all letters sent by inmates in a designated file, but he has no record of any letters sent by Plaintiff prior to the January 4, 2011 altercation (*Id.*, p. 2). Additionally, Defendant contends that he never interviewed Plaintiff after the altercation (*Id.*, p. 4). Moreover, Defendant states that even if he did encounter Plaintiff sometime after the incident and nodded in response to something Plaintiff said, the nod would not have been intended to convey agreement, but rather, would have been intended merely to acknowledge that Plaintiff was speaking (*Id.*). Defendant Reeder asserts that he was not aware of any problems Plaintiff had with his cellmate prior to the January 4, 2011 altercation (*Id.*).

## LEGAL STANDARD

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential

element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of a nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted).

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials "take reasonable measures to guarantee the safety of inmates." *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (other citations omitted). In order to establish a claim for failure to protect against a prison official, a plaintiff needs to show: (1) he was incarcerated under conditions posing a substantial risk of serious harm and, (2) that prison officials acted with deliberate indifference to that risk. *Id.* In order to establish the first element, a plaintiff must show not only that he experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). The second element, the subjective element, is more difficult for a plaintiff to demonstrate, and requires an inquiry into a defendant prison official's state of mind. *Farmer*, 511 U.S. at 847. A prison official may be held liable only if he knows an inmate faces a substantial risk of serious harm and "disregards that risk by failing to take reasonable measures to abate it." *Id.* Accordingly, in this instance, in order for Plaintiff to prevail on his claim, he must establish that Defendant Reeder had actual knowledge of an impending harm, easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from Defendant's failure to prevent it. *Santiago*, 599 F.3d at

758. In cases involving inmate-on-inmate violence, a prisoner normally provides actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

## DISCUSSION

Defendant Reeder contends that he is entitled to summary judgment because (1) he was not informed of Plaintiff's concerns about his cellmate prior to the January 4, 2011 altercation, (2) he is protected by qualified immunity, and (3) to the extent Plaintiff seeks damages from Defendant in his official capacity, Plaintiff's claims are barred by the Eleventh Amendment and sovereign immunity.

With respect to Defendant's first argument, the Seventh Circuit Court of Appeals has held that, in order to establish a claim for failure to protect, a plaintiff must establish that the prison official knew the inmate faced a substantial risk of serious harm and disregarded the risk by failing to take measures to abate it. In order to make such a showing, "[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety.'" *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (quoting *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991)). In this case, Defendant asserts he is entitled to judgment as a matter of law because he claims he was not made aware of Plaintiff's concerns about his cellmate prior to the incident giving rise to the Complaint. Specifically, Defendant contends that he never received any of the letters Plaintiff alleges he sent to Defendant in the weeks or days preceding the incident. It is apparent that Plaintiff does not have direct evidence to corroborate his assertion that he sent Defendant Reeder letters asking to be moved because of his cellmate's threats of violence. However, Plaintiff testified, under oath, to this fact. Specifically, Plaintiff testified that on at least two occasions he addressed letters to "C/O Reeder – Internal Affairs" and

placed them in the box marked "Mail" for distribution in the prison mail system. The Court notes that there is no evidence in the record about the reliability, or the unreliability, of the prison mail system. Further, based on the evidence provided, it appears that the mail system does not provide any receipts, or any other documentary evidence, of letters that have been mailed. Accordingly, whether mail has been sent and/or received appears to require credibility determinations. Moreover, Plaintiff also testified that he asked Defendant Reeder, after the confrontation, if he received his letters, to which, Defendant Reeder responded with a nod of his head. Although Defendant makes a notable point that a nod could have various meanings, taking the evidence presented in the light most favorable to Plaintiff, this interaction provides support for the claim that Defendant Reeder had knowledge of the threats Plaintiff was receiving, but failed to act and ensure Plaintiff's safety.

In this case, there is a clear dispute concerning Defendant's knowledge of the threats Plaintiff was receiving from his cellmate. In instances such as this, only the trier of fact can resolve these conflicts. *See Santiago v. Lane*, 894 F.2d 218, 224 (7th Cir. 1990) (citing *Davis v. Zahradnick*, 600 F.2d 458 (4th Cir. 1979)). Moreover, this dispute is certainly material, as Defendant's knowledge of any impending harm against Plaintiff, and lack of action to protect Plaintiff, supports a finding of deliberate indifference. Accordingly, there is a genuine issue of material fact in this case, which precludes summary judgment on the merits.

Defendant has also asserted that he is entitled to qualified immunity. For the reasons set forth above, Defendant is not entitled to qualified immunity in this case. It is clearly established law that failure to protect an inmate from harm violates the Eighth Amendment's prohibition of cruel and unusual punishment if prison officials act with deliberate indifference to the prisoner's welfare by doing nothing and effectively allowing an attack to happen. *See Borello v. Allison*,

446 F.3d 742, 749 (7th Cir. 2006) (citations and quotation omitted). In this case, Plaintiff avers that Defendant Reeder knew that Plaintiff's cellmate was threatening to attack him, but acted with deliberate indifference in doing nothing to prevent the subsequent attack. Although this fact is in dispute, a jury could find that Defendant's actions, or, rather, alleged inaction, led to wanton and unnecessary infliction of pain, in violation of Plaintiff's Eighth Amendment rights. For these reasons, Defendant is not entitled to qualified immunity.

Finally, Defendant asserts that, to the extent Plaintiff has sued Defendant Reeder in his official capacity, the doctrine of sovereign immunity bars liability. At the outset, the Court notes that Plaintiff's Complaint does not clearly articulate whether Defendant Reeder is being sued in his individual capacity, official capacity, or both. However, the Court agrees that if Plaintiff's Complaint is construed as bringing this suit against Defendant Reeder in his official capacity, he is immune from liability in this capacity. "An official capacity suit is essentially one against the government entity of which the defendant is an official, and any damage award must be satisfied by the entity itself. In such a suit, a plaintiff must establish that the government entity's policy or custom played a part in the violation of the federal law." *Hadi v. Horn*, 830 F.2d 779, 783 (7th Cir. 1987) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Moreover, the Eleventh Amendment restricts the nature of the relief a plaintiff can recover in an official capacity suit. *Hadi*, 830 F.2d at 783. Specifically, the Eleventh Amendment bars suits for money damages in actions brought against officials acting in their official capacity. *Id.* A review of Plaintiff's Complaint indicates that he has not requested injunctive or declaratory relief, for which Defendant would only be able to carry out in his official capacity. Accordingly, insofar as Plaintiff may be seeking damages from Defendant Reeder in his official capacity, these damages claims are barred by sovereign immunity.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Defendant Reeder (Doc. 47) is **DENIED**. However, the Court notes that Plaintiff is barred from seeking any money damages against Defendant Reeder in his official capacity.

**IT IS SO ORDERED.**

**DATED: October 7, 2014**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**